

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# Escobar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Escobar v. Atty Gen USA" (2006). *2006 Decisions.* Paper 828.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/828

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2171

REINALDO CRUZ ESCOBAR,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
ANDREA QUARANTILLO, DISTRICT DIRECTOR, NEWARK, NEW JERSEY,
U.S. CITIZENSHIP & IMMIGRATION SERVICES,
                                        Respondents

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A29-242-430)
(Immigration Judge:  Honorable William Strasser)

Argued: February 13, 2006

Before:  SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed: June 28, 2006)

EDMUNDO D. LIJO, ESQUIRE (ARGUED)
Blackwell, Igbanugo, Engen & Saffold
3601 West 76th Street, Suite 250
Minneapolis, Minnesota 55435
        Attorney for Petitioner

SUSAN K. HOUSER, ESQUIRE (ARGUED)

CARL H. McINTYRE, JR., ESQUIRE
MARION E. GUYTON, ESQUIRE
RICHARD M. EVANS, ESQUIRE
Office of Immigration Litigation
United States Department of Justice
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
     Attorneys for Respondents

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Petitioner Reinaldo Cruz Escobar petitions for review of the BIA's March 15, 2005 order denying his motion to reconsider the BIA's January 13, 2004 decision. In that order, the BIA affirmed the IJ's denial of Escobar's motion to reopen his deportation proceedings. We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider for abuse of discretion. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). For the reasons set forth, we will grant the petition.

Because we write for the parties, we will set forth only those facts necessary for our analysis. If an applicant for suspension of deportation or for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA") has an asylum application pending before the Bureau of Citizenship and

Immigration Services,[1] the Bureau of Citizenship and Immigration Services has initial jurisdiction over the NACARA application, unless the applicant (1) has a final order of deportation, 8 C.F.R. § 1003.43, or (2) is currently in immigration proceedings, 8 C.F.R. § 240.62(b). 8 C.F.R. § 240.62(a); *see Suspension of Deportation and Special Rule Cancellation of Removal for Certain Nationals of Guatemala, El Salvador, and Former Soviet Bloc Countries*, 64 Fed. Reg. 27856 (May 21, 1999). The record demonstrates Escobar filed an asylum application with the Bureau of Citizenship and Immigration Services on November 14, 2004. Nevertheless, the BIA held the Immigration Court had jurisdiction over Escobar's NACARA application. Because it also held Escobar's motion to reopen was untimely, the BIA did not reach the merits of Escobar's NACARA application.

Respondent contends the Immigration Court had jurisdiction over Escobar's NACARA application because he was subject to a final order of deportation. In December 1990, an IJ issued an order of deportation against Escobar and granted him alternative voluntary departure until March 18, 1991. Because Escobar did not voluntarily depart, his deportation order became final on March 18, 1991. However, in December 1997, Escobar left the United States under a grant of advance parole, and was paroled back into the United States on January 27, 1998.

---

[1]As of March 1, 2003, the functions of the Immigration and Naturalization Service were assumed by the Bureau of Citizenship and Immigration Services. *Soltane v. U.S. Dept. of Justice*, 381 F.3d 143, 145 n.1 (3d Cir. 2004).

Under 8 U.S.C. § 1101(g), a person who "has left the United States" while under a final order of deportation or removal "is considered to have been deported or removed in pursuance of law." *See also* 8 C.F.R § 1241.7 ("Any alien who has departed from the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed . . . ."). Accordingly, when Escobar left the United States in 1997, he "executed" his deportation order, his immigration proceedings terminated, and he was no longer subject to an order of deportation.[2] *See Stone v. INS*, 514 U.S. 386, 398 (1995) ("Deportation orders are self-executing orders, not dependent upon judicial enforcement."); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675 (5th Cir. 2003) ("Once Navarro was deported, therefore, his removal proceedings were completed and final.").

Respondent contends Escobar's deportation order could not have been executed because Escobar enjoyed Temporary Protected Status at the time of his departure. But Escobar's Temporary Protected Status ended on July 1, 1992. Immigration Act of 1990, Pub. L. No. 101-649, § 303(a)(2), 104 Stat 4978, 5036, *reprinted in* 8 U.S.C. § 1254a (notes). At that time, the Attorney General began placing Salvadoreans in Deferred Enforced Departure. *See Deferral of Enforced Departure for Salvadorans,* 57 Fed. Reg. 28700, 28701 (June 26, 1992). Escobar did not regain Temporary Protected Status until

---

[2]Respondent does not contend this rule is inapplicable to persons who leave the United States under a grant of advance parole.

4

March 9, 2001.  *See Designation of El Salvador Under Temporary Protected Status*

*Program*, 66 Fed. Reg. 14214, 14215 (March 9, 2001).

Because Escobar did not have a final order of deportation pending against him, he

was not required to file a motion to reopen with the Immigration Court, and the Bureau of

Citizenship and Immigration Services — not the Immigration Court — had jurisdiction

over his NACARA application.  We will grant the petition for review and remand to the

BIA with directions to refer Escobar's NACARA application to the Bureau of Citizenship

and Immigration Services for adjudication.[3]

---

[3]Pursuant to Respondent's request, we held the case in abeyance for 90 days.  On May 27, 2006, Escobar and Respondent informed the Court that the Bureau of Citizenship and Immigration Services has received a NACARA application from Escobar and, after an FBI name check, "should be able to issue a final decision" on that application.  (Pilotti Decl. ¶ 12.)  The parties have requested that this case be held in abeyance for another 90 days.  The request is denied.  At this time, we grant the relief Escobar requests — a full review of his NACARA application by the Bureau of Citizenship and Immigration Services.

5